UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| MOHAMMED BASSIM AL-KHAFAJY, <br><br> Plaintiff, <br><br> v. <br><br> CLEVELAND D. BAIN, <br><br> Defendant. | Case No. 3:17-cv-00394 <br><br> Chief Judge Crenshaw <br> Magistrate Judge Newbern |

To:     The Honorable Waverly D. Crenshaw, Chief District Judge

**REPORT AND RECOMMENDATION**

Pending in this prisoner civil rights action is a motion to dismiss for failure to state a claim filed by Defendant Cleveland D. Bain. (Doc. No. 18.) Plaintiff Mohammed Bassim Al-Khafajy, who appears pro se, has filed a response. (Doc. No. 22.) For the following reasons, the Magistrate Judge RECOMMENDS that Bain's motion to dismiss be GRANTED and that this case be DISMISSED.

**I.     Background**

Al-Khafajy is an inmate in the Metro-Davidson County Detention Facility in Nashville, Tennessee. (Doc. No. 1, PageID# 2.) Bain is the criminal defense attorney whom Al-Khafajy retained to represent him in the criminal proceedings that resulted in his incarceration. (*Id.* at PageID# 5; Doc. No. 18, PageID# 39.) Al-Khafajy now brings this action against Bain under 42 U.S.C. § 1983 alleging that Bain did not share with him information he learned from the prosecution in discovery and advised him to plead guilty to the charges against him while under duress and without being fully advised of his other options. (Doc. No. 1, PageID# 5.) He alleges

that Bain failed to advise him truthfully of the prosecution's position and failed to obtain a mental evaluation to establish his ability to understand his rights and the nature of the charges against him, resulting in Al-Khafajy taking a guilty plea to which he says he did not consent. (*Id.*) Al-Khafajy claims that Bain's performance as counsel fell below the standards set by the American Bar Association and "denied [Al-Khafajy] of the effective assistance of counsel." (*Id.*) He further alleges that the prosecution withheld exculpatory evidence from Bain in violation of *Brady v. Maryland*, 373 U.S. 83 (1963).[1] (*Id.*) Finally, he alleges that his due process rights were violated because of prejudice against his race and ethnicity. (*Id.*) Al-Khafajy seeks to have Bain disbarred; a refund of the $3,500 he paid Bain; to have Bain pay his restitution; and "damages for mental and physical anguish." (*Id.*)

In his response to Bain's motion to dismiss, Al-Khafajy states that he is "currently waiting on [his] post-conviction to come back granted to prove ineffective assistance of counsel." (Doc. No. 22, PageID# 51–52.) He states that he has attempted to correspond with Bain through letters, phone calls, and family members, but that Bain has not responded. (*Id.* at PageID# 52.) Al-Khafajy reiterates in his response that Bain's poor performance violated his Sixth Amendment right to the effective assistance of counsel. (*Id.* at PageID# 53.) He claims that he is "confined illegally" and therefore entitled to relief. (*Id.*)

## II.   Legal Standard

Bain's motion seeks dismissal for failure to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6). In deciding a Rule 12(b)(6) motion, the Court must view the complaint in the light most favorable to the plaintiff and accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Federal Rule of Civil

---

[1]   Of course, Bain as defense counsel would not be a proper defendant to any *Brady* claim.

Procedure 8(a)(2) requires only "a short and plain statement of the claim." Fed. R. Civ. P. 8(a)(2). However, the plaintiff must allege sufficient facts to show that the claim is "plausible." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007).

"The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557). A plaintiff must plead more than "labels and conclusions," "a formulaic recitation of the elements of a cause of action," or "naked assertions devoid of further factual enhancement." *Id.* (quoting *Twombly*, 550 U.S. at 555, 557). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Finally, "[a] document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

### III. Analysis

Al-Khafajy brings his claims under 42 U.S.C. § 1983, which creates a cause of action against any person who, acting under color of state law, abridges "rights, privileges, or immunities secured by the Constitution and laws." 42 U.S.C. § 1983. To prevail, Al-Khafajy must show that he was denied his federal rights by Bain and that Bain acted under color of state law in doing so. *See Dominguez v. Corr. Med. Servs.*, 555 F.3d 543, 549 (6th Cir. 2009). Al-Khafajy's allegation do not state a cognizable claim under § 1983.

At the heart of all Al-Khafajy's claims is his assertion that he entered into a guilty plea without being adequately informed. While his claims assert his constitutional rights to effective assistance of counsel under the Sixth Amendment, due process as recognized in *Brady*, and equal

3

protection with regard to racial or ethnic discrimination, it is well established that "habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement . . . even though such a claim may come within the literal terms of § 1983." *Heck v. Humphrey*, 512 U.S. 477, 481 (1994). Thus, a plaintiff cannot bring a § 1983 action that would implicate the lawfulness of his imprisonment unless his conviction or sentence has already been invalidated on direct appeal, by issuance of a writ of habeas corpus, or by some other appropriate action. *Id.* at 486–87.

All of Al-Khafajy's claims, if proved, would call his plea into question. He explicitly contends that he is "confined illegally" and therefore entitled to relief. (Doc. No. 22, PageID# 53.) Moreover, the fact that Al-Khafajy only asks for damages and does not seek to have his guilty plea reversed in this action does not save his claims. Even if the § 1983 action would only "implicitly question the validity of conviction or duration of sentence, the litigant must first achieve favorable termination of his available state, or federal habeas, opportunities to challenge the underlying conviction or sentence." *Muhammad v. Close*, 540 U.S. 749, 750 (2004); *see also Taylor v. Oakland Cty. Circuit Court*, 831 F.2d 297 (6th Cir. 1987) (finding ineffective assistance of counsel claim brought under § 1983 "actually a challenge to the validity of [plaintiff's] conviction and therefore more appropriately the subject of a petition for a writ of habeas corpus").

Al-Khafajy does not state that his conviction or sentence have already been found invalid by another court. Rather, he states that he is "currently waiting on [his] post-conviction to come back granted to prove ineffective assistance of counsel." (Doc. No. 22, PageID# 52.) If that comes to pass, Al-Khafajy may pursue his damages action. Until that time, his § 1983 action is not ripe.

4

*Dallas v. Holmes*, 137 F. App'x 746, 751 (6th Cir. 2005). The only proper vehicle for Al-Khafajy's federal claims at this time is a petition for a writ of habeas corpus.[2]

Even if *Heck*'s favorable-termination bar did not apply here, Al-Khafajy's claims must fail because Bain was not acting under color of state law within the meaning of § 1983 while representing him. Even a government-employed "public defender does not act under color of state law when performing a lawyer's traditional function as counsel to a defendant in a criminal proceeding" because he "is not acting on behalf of the State; he is the State's adversary." *West v. Atkins*, 487 U.S. 42, 50 (1988) (quoting *Polk County v. Dodson*, 454 U.S. 312, 323 n.13, 325 (1981)); *see also Mulligan v. Schlachter*, 389 F.2d 231, 233 (6th Cir. 1968) (a court-appointed public defender does not act under color of law). The fact that Bain was privately retained by Al-Khafajy removes any argument that he acted under color of law in his representation. Without this necessary element of a § 1983 action, Al-Khafajy's claims cannot succeed.

### III. Recommendation

In light of the foregoing, the Magistrate Judge RECOMMENDS that Bain's Motion to Dismiss (Doc. No. 18) be GRANTED and that this case be DISMISSED.

Any party has fourteen days after being served with this Report and Recommendation in which to file any written objections. A party opposing any filed objections shall have fourteen days after being served with a copy of them in which to file any response. Fed. R. Civ. P. 72(b)(2). Failure to file specific objections within fourteen days of receipt of this Report and Recommendation can constitute a waiver of further appeal of the matters disposed of therein. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Cowherd v. Million*, 380 F.3d 909, 912 (6th Cir. 2004).

---

[2] It appears that Al-Khafajy may recognize this fact in that he asks the Court to treat this action as "an initial petition." (Doc. No. 22, PageID# 53.) Because Bain would not be a proper defendant to a petition for a writ of habeas corpus, the Court declines to do so.

5

ENTERED this 20th day of February, 2018.

_____
ALISTAIR E. NEWBERN
United States Magistrate Judge

6